United States District Court

For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, | No. C-12-1193 EMC |
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |
| MARCELINO SORIANO, *et al.*, | **(Docket No. 13)** |
| Defendants. | |
| _____/ | |

    Plaintiff the Bank of New York Mellon (the "Bank") initiated this unlawful detainer action in state court. Defendants Marcelino and Alegria Soriano subsequently removed the case to federal court. Currently pending before this Court is the Bank's motion to remand the case back to the state court from which it was removed for lack of subject matter jurisdiction. Having considered the papers submitted, the Court hereby **GRANTS** the motion to remand.

## I. DISCUSSION

    The Bank filed a motion to remand, asserting lack of subject matter jurisdiction. The Court agrees subject matter jurisdiction is lacking. In their notice of removal, the Sorianos asserted that there is federal question jurisdiction because the Bank has violated their due process rights; however, federal question jurisdiction depends on the contents of the plaintiff's well-pleaded complaint and may not be predicated on the defendant's counterclaims. *See Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826 (2002).

    Moreover, contrary to what the Sorianos argue, the Court sees no basis for diversity jurisdiction because diversity jurisdiction requires not only that there must be complete diversity in

citizenship but also that the amount in controversy exceed $75,000. See 28 U.S.C. § 1332(a). Here, the Sorianos have not made any showing that the damages sought by the Bank would exceed that amount, and it is unlikely that that would be the case given that, on the face of the complaint, the Bank seeks only $44.60 in damages per day as of February 15, 2012, for a total not to exceed $10,000 (as reflected in the caption). *See* Docket No. 2 (Compl. ¶ 10). The Sorianos contend that *their* damages exceed $75,000, *see* Docket No. 3 (Marcelino Soriano Decl. ¶ 1) (stating that he seeks more than $500,000 in damages); *see also* Docket No. 1 (Not. of Removal ¶ 7) (indicating that the residence at issue is worth more than $75,000), but, as noted above, subject matter jurisdiction depends on the plaintiff's claims and not the defendant's counterclaims. Moreover, the fact that the property at issue may be worth more than $75,000 is irrelevant. If the Bank prevails in its action, the Sorianos' "liability will be measured by the fair rental value of the property for the time [they] unlawfully occupied it." *Bank United v. Peters*, No. C 11-1756 PJH, 2011 U.S. Dist. LEXIS 54884, at *4 (N.D. Cal. May 23, 2011) (also stating that "the amount in controversy is not the assessed value or the sales value of the property").

Accordingly, the Court remands the case to the state court from which it was removed. Any argument that the Sorianos have that the foreclosure was improper should be made before the state court, which has jurisdiction over the case, and not this Court.

## II.   CONCLUSION

For the foregoing reasons, the Court grants the Bank's motion to remand.

The Clerk of the Court is directed to enter judgment in accordance with this order and close the file in the case.

This order disposes of Docket No. 13.

IT IS SO ORDERED.

Dated: May 21, 2012

_____
EDWARD M. CHEN
United States District Judge

2